# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 0:16-CV-62193-WPD

DANIEL GORWITZ,

      Plaintiff,

      v.

USA AIR DUCT CLEANERS, LLC, a
Florida limited liability company,
and DORON ZIV, individually

      Defendants.

_____/

## JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS WITH PREJUDICE

Plaintiff, Daniel Gorwitz ("Plaintiff"), and Defendants, USA Air Duct Cleaners, LLC and Doron Ziv ("Defendants"), hereby notify the Court that the parties have resolved all claims raised in this matter under the Fair Labor Standards Act and stipulate to the dismissal of all such claims in this action with prejudice. As such, the parties file this Joint Motion to Approve Settlement and Dismiss with Prejudice and state as follows:

### FACTUAL BACKGROUND

1.      Plaintiff's Complaint was filed on September 14, 2016. (ECF No. 1). In the Complaint, Plaintiff alleges a claim for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"). (ECF No. 1).

2.      On October 21, 2016, Defendants filed their Answer and Affirmative Defenses to the Complaint, (ECF No. 11), in which they, *inter alia*: (a) asserted that Plaintiff's claims outside the FLSA's limitations period were barred; (b) asserted that Plaintiff's claim was subject to the exemptions contained in Section 213 of the FLSA; and (c) asserted that Plaintiff's claim for

liquidated damages could not be sustained because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

3. Thereafter, on November 8, 2016, the Court issued an Order setting forth the trial period and pretrial deadlines, including the discovery deadline. (ECF No. 14).

4. Pursuant to the Court's Scheduling Order, the parties exchanged documents and information regarding Plaintiff's FLSA claims and Defendants' defenses.

5. The parties also participated in mediation on March 9, 2017; however, they were unable to resolve the litigation at that point.

6. During the weeks of June 26 and July 3, 2017, counsel for the parties engaged in settlement negotiations and reached an agreement to resolve Plaintiff's claims in the litigation.

7. Despite agreeing to resolve Plaintiff's FLSA claims, Defendants continue to assert that Plaintiff was properly compensated for all hours worked, including overtime hours, during his employment. Notwithstanding the factual and legal defenses that Defendants believe are applicable in this matter, Defendants determined that they preferred to amicably conclude the instant litigation, while taking into account the cost and time associated with the ongoing defense of this case.  Additionally, Defendants have taken into account the uncertainty and risks inherent in any litigation.

8. Plaintiff likewise determined that he preferred to amicably resolve his claim for the amount Defendants provided to him, which included liquidated damages, rather than proceed with this litigation.

9. The parties jointly submit to the Court that there has been sufficient investigation and exchange of information to allow counsel for Plaintiff and Defendants to evaluate the parties'

LEGAL\31901842\1

claims and defenses and make recommendations regarding the resolution of Plaintiff's FLSA claims in this matter. Moreover, no portion of Plaintiff's recovery was apportioned to attorney's fees and costs because the parties separately negotiated those fees and costs.

10.     The parties have memorialized the settlement terms in a Settlement and Release Agreement, a copy of which is attached as Exhibit "A".

## MEMORANDUM OF LAW

In agreeing upon their settlement reached herein, the parties advise the Court that they obtained sufficient information to allow them to make informed decisions after having had the opportunity to analyze their respective claims and defenses.  The parties also respectfully submit that the settlement reached among the parties should be approved by this Court as fair and reasonable. *See* 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).  Pursuant to *Lynn's Food,* the Court's review of the parties' Agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.  Courts have routinely recognized a "strong presumption" in favor of finding a settlement fair. *See, e.g., Gruendner v. Douce France Bakery, Inc.,* 2012 WL 3140917, *1 (M.D. Fla. Jul. 6, 2012).

At all times material hereto, Plaintiff and Defendant were represented by counsel experienced in litigating FLSA claims.  Both the terms and conditions of the parties' settlement agreement and the settlement amount were the subject of arms-length negotiations between counsel.  The settlement amount was based on information learned through the exchange of written discovery and the depositions.

LEGAL\31901842\1

The attorney's fees and costs were also negotiated and will be paid separately from Plaintiff's allocated recovery. Counsel for Plaintiff stipulate that the amount being paid for attorney's fees and costs is fair and reasonable, and that Plaintiff accepts this amount in full satisfaction of the attorney's fees and costs incurred on the Plaintiff's behalf.  Specifically, Plaintiff's counsel contends that he has spent 70.4 hours of attorney time to date in this case, at an hourly attorney rate of $400, for total incurred fees to date of $28,160.00.  In addition, Plaintiff's counsel has incurred $1.938.31 in costs to date.  The total amount of fees being paid to Plaintiff's counsel in settlement, minus the incurred costs, thus total $13,061.69, which is a relatively small fraction – approximately 46% -- of the total fees incurred to date, and should be considered fair and reasonable.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.  The Parties further state that there was no undue influence, overreaching, collusion or intimidation in reaching the settlement agreement.

The parties, therefore, respectfully submit that that the agreement they have entered into represents a reasonable compromise of Plaintiff's claims consistent with the intent and purpose of the FLSA and the requirements of *Lynn's Food. See, e.g., Fernandez v. A-1 Duran Roofing, Inc.*, 2013 WL 684736, *2 (S.D. Fla. Feb. 25. 2013) (approving settlement where parties were represented by counsel).

Based upon the foregoing, the parties respectfully submit that the settlement reached herein was a reasonable compromise that was arrived at after due consideration.  Pursuant to *Lynn's Food*, the parties request that the Court approve the parties' settlement as fair and reasonable and dismiss this case with prejudice.

Date:   July 20, 2017

Respectfully submitted,

By:  /s/ Roderick V. Hannah, Esq.          By:  /s/ Jennifer T. Williams, Esq.
Roderick V. Hannah, Esq.                   Susan N. Eisenberg, Esq.
Florida Bar No. 435384                     Florida Bar No.: 600393
rhannah@rhannahlaw.com                     seisenberg@cozen.com
Roderick V. Hannah, Esq., P.A.             Jennifer T. Williams, Esq.
8751 West Broward Boulevard                Florida Bar No. 0174203
Suite 303                                  jtwilliams@cozen.com
Plantation, FL 33324                       Cozen O'Connor
Telephone: 954-362-3800                    200 South Biscayne Blvd.
Facsimile: 954-362-3779                    30th Floor
                                           Miami, FL 33131
                                           Telephone: 305-704-5944
                                           Facsimile: 786-220-0207

LEGAL\31901842\1