# EXHIBIT A

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is made and entered into by and between Daniel Gorwitz ("Plaintiff") and USA Air Duct Cleaners, LLC and Doron Ziv ("Defendants").

**WHEREAS**, Plaintiff caused to be filed a lawsuit against Defendants in the United States District Court for the Southern District of Florida, styled as *Daniel Gorwitz v. USA Air Duct Cleaners, LLC, and Doron Ziv*, Case No. 16-cv-62193-WPD ("Litigation"), alleging violations of the Fair Labor Standards Act ("FLSA"); and

**WHEREAS**, Defendants deny all of the allegations contained in the Litigation; and

**WHEREAS**, to avoid the uncertainties and expense of further litigation, the Parties wish to settle all claims and potential claims between them regarding Plaintiff's wages, compensation, remuneration, or other payments received from Defendants, including the claims made in the Litigation.

**NOW THEREFORE**, in consideration of the mutual covenants and agreements set forth herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. Immediately upon executing this Agreement, the Parties will file a Joint Motion for Approval in the Litigation. If, for any reason, the Court does not approve this Agreement and issue an Order of Dismissal with Prejudice, the Parties agree to amend this Agreement and resubmit to the Court for approval. Further, if the Court approves the Settlement and this Agreement with modifications, the Parties' obligations under this Agreement shall be governed by the Court's Order.

2. In exchange for the mutual promises exchanged herein, Defendants agree to pay Plaintiff the total amount of Nineteen Thousand Dollars and Zero Cents ($19,000.00), in full and final settlement of all Plaintiff's claims against Defendants related to Plaintiff's compensation, including all claims that were brought in the Litigation ("Settlement Amount"). The Settlement Amount will be paid as follows: (a) one check in the amount of Nine Thousand Five Hundred Dollars and Zero Cents ($9,500.00), less applicable deductions and withholdings, payable to "Daniel Gorwitz", and representing back wages which will be reported to the Internal Revenue Service on Form W2; (b) one check in the amount of Nine Thousand Five Hundred Dollars and Zero Cents ($9,500.00), payable to "Daniel Gorwitz" and representing liquidated and all other damages, which will be reported to the Internal Revenue Service on Form 1099. Defendants also agree to pay the amount of Fifteen Thousand Dollars ($15,000.00) payable to "Roderick V. Hannah, Esq., P.A.", representing attorney's fees and costs Plaintiff incurred in the prosecution of the Litigation which will be reported to the Internal Revenue Service on Form 1099 ("Fee Amount"). The Settlement Amount and Fee Amount shall be due thirty (30) calendar days after the Court issues an Order of Dismissal in the Litigation.

3. Plaintiff understands and agrees that the Settlement Amount is all that he is entitled to receive from Defendants as settlement of any and all of claims related to his compensation, remuneration, or other payments received from Defendants that Plaintiff made or could have made against the Released Parties (as defined below), including claims Plaintiff made or could have made against Defendants in the Litigation. Plaintiff further understands and agrees that the Settlement Amount constitutes adequate and ample consideration for the rights and claims that Plaintiff is waiving in paragraph 4 below and for the obligations imposed him by virtue of this Agreement.

4. In exchange for the promises Defendants have made in this Agreement, Plaintiff, on behalf of himself and his respective successors, heirs, assigns, attorneys, agents and representatives,

hereby unconditionally and forever waives, releases, acquits and discharges Defendants, together with their respective parents, subsidiaries, affiliates, predecessor and successor entities, as well as all of their current and former officers, directors, attorneys, employees, agents, fiduciaries, and employment benefit plans and programs (collectively "Released Parties"), and further promises never to institute, assert, prosecute or pursue, any and all debts, complaints, claims, charges, liabilities, claims for relief, demands, suits action or causes of action, which have arisen or could have arisen prior to the date of this Agreement, whether now known or unknown, suspected or unsuspected, against any of the Released Parties. Plaintiff agrees that this release shall be construed as broadly as possible and shall include all claims which Plaintiff brought or could have brought in the Litigation, including without limitation: (a) any contractual or other claims of wage payment Plaintiff may have against any or all of the Released Parties; (b) claims, if any, related to Plaintiff's compensation, remuneration, payment of wages, or other monetary payments received from any or all of the Released Parties, including but not limited to the Fair Labor Standards Act of 1938, as amended, and the Florida Minimum Wage Act; (c) claims, if any, regarding accrued leave, vacation, bonuses, commissions, or any other form of benefits connected with Plaintiff's employment relationship with any or all of the Released Parties; and (d) claims or allegations for costs, fees or other expenses including attorney's fees related to the Litigation. Plaintiff waives these rights and claims, and also agrees not to institute, or have instituted by anyone, a lawsuit against any or all of the Released Parties based on any such claims or rights, except in the event that Defendants breaches this Agreement. Plaintiff also agrees not to: (a) participate, cooperate or assist in any manner, whether as a witness, expert, consultant or otherwise, in any lawsuit, complaint, charge or other proceeding involving any of the Released Parties as a party; or (b) solicit any current or former employees of the Released Parties to encourage or incite further litigation against any of the Released Parties unless requested to do so by Defendants for Defendants' benefit, or unless compelled by subpoena or court order.

5.  Plaintiff acknowledges that he will not seek and is not entitled to reemployment or reinstatement to employment with any of the Released Parties at any time in the future. Plaintiff agrees that this forbearance to seek future employment is purely contractual and is in no way involuntary, discriminatory or retaliatory.

6.  Each party agrees not to engage in any activity that is intended to embarrass or disparage the other party or their services, and agrees that they will not make any false and disparaging remarks to any third parties regarding the other party or any of their respective employees, customers, and/or services in any form whatsoever, including verbal, written, electronic, or through the use of any Internet websites. The Parties acknowledge and agree that Defendants' obligations under this paragraph 6 are limited to Doron Ziv and Plaintiff's supervisor(s).

7.  This Agreement may be executed in counterparts and has the same force and effect as if all the signatures were obtained in one document. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the Agreement. This Agreement was reached between the Parties as a result of negotiations between counsel. Nothing contained in this Agreement shall be construed as an admission of liability by Defendants concerning any allegation raised in the Litigation; to the contrary, Defendants deny any liability to Plaintiff in the Litigation. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the Party against whom such waiver is charged.

8.  If any provision or portion of this Agreement shall be held for any reason to be unenforceable or illegal, other than the waiver and release provisions in paragraph 4, that provision shall be severed from this Agreement, and the remainder of the Agreement shall be valid and enforceable among the Parties just as if the provision held to be illegal or unenforceable had never been included in this Agreement. The Parties agree that in the event of a proceeding regarding a breach of this Agreement,

Case 0:16-cv-62193-WPD   Document 28-1   Entered on FLSD Docket 07/20/2017   Page 4 of 4

the prevailing Party shall be entitled to his/its costs and attorneys' fees. This Agreement expresses the entire agreement between the Parties with respect to any and all claims regarding Plaintiff's compensation that Plaintiff brought or could have brought in the Litigation, and supersedes all prior oral or written understandings or agreements regarding that subject matter. This Agreement shall not merge into but shall survive any subsequent contract, agreement or deed unless expressly referenced therein. This Agreement shall be governed by the laws of the State of Florida. In connection with any legal dispute arising from or relating to this Agreement, the Parties agree that such dispute shall be heard by a Judge and not a jury and further consent that the state and federal courts located in Broward County, Florida shall have exclusive jurisdiction over such proceedings. The Parties agree that this Agreement cannot be amended or modified except by a writing executed by both of the Parties hereto or their respective attorneys, administrators, trustees, personal representatives, and/or successors.

9. Plaintiff acknowledges that he has been provided with a reasonable time period within which to decide whether to sign this Agreement and acknowledges that he consulted with an attorney prior to signing this Agreement. This Agreement shall be effective as of the date all Parties sign the Agreement. Plaintiff acknowledges that he has carefully read and understands this Agreement and agrees that Defendants has not made any representations other than those contained herein. Plaintiff also acknowledges that he enters into this Agreement voluntarily, without any pressure or coercion, and with full knowledge of its significance, and that it constitutes a full and absolute settlement and bar as to any and all claims related to his compensation that he had, has, or may have against Defendants or any of the Released Parties, including the claims Plaintiff brought in the Litigation.

**IN WITNESS WHEREOF, Plaintiff and the Defendants have executed this Agreement.**

_____
Daniel Gorwitz

Date: 7/14/17

_____
For USA Air Duct Cleaners, LLC

Title: Managing Member

Date: 7/17/17

_____
Doron Ziv

Date: 7/17/17